# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**CLAUDIA JEAN GARDNER,**

    **Plaintiff,**

v.

Case No. 06-14936

**HONORABLE DENISE PAGE HOOD**

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

### I.    INTRODUCTION

This matter is before the Court on Magistrate Judge Mona K. Majzoub's Report and Recommendation ("R&R") [Dkt. #18, filed January 31, 2008]. The R&R recommends that Defendant's Motion for Summary Judgment [Dkt. #13, filed September 27, 2007] be GRANTED and that Plaintiff's Motion for Summary Judgment [Dkt. #10, filed July 30, 2007] be DENIED. Plaintiff filed an Objection to the R&R on February 14, 2008.

Plaintiff Claudia Jean Gardner brings this action under 42 U.S.C. § 405(g), challenging a final decision of Defendant Commissioner denying her applications for Disability and Disability Insurance Benefits and Supplemental Social Security Income. Defendant initially denied Plaintiff's applications, which alleged an onset date of June 13, 2001. On June 14, 2005, Plaintiff appeared before an Administrative Law Judge ("ALJ") to challenge the denial of her applications. On February 26, 2006, the ALJ affirmed the denial of Plaintiff's applications, finding that she could perform a significant number of sedentary jobs in the economy. (R&R at 9.) The Appeals Council

declined to review the ALJ's decision. On judicial review, Magistrate Judge Majzoub concluded that "[t]he ALJ's opinion is supported by substantial evidence." (*Id.* at 18.)

## II. LAW & ANALYSIS

In her Objection, Plaintiff challenges the finding that substantial evidence supports the ALJ's decision. Substantial evidence is defined as "more than a scintilla . . . but less than a preponderance." *Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). It is evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* The decision of the ALJ, if supported by substantial evidence, is not reversible "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997).

Plaintiff raises two main arguments in support of her challenge. First, she argues that Dr. G. Sadasivan was her "treating" psychiatrist and that his opinion was entitled to controlling weight. (Objection at 2-3.) To support this contention, she cites Social Security Ruling ("SSR") 96-2p. Second, Plaintiff argues that the ALJ erred in failing to mention and account for the Global Assessment of Functioning ("GAF") score rendered by Dr. Sadasivan.[1]

Plaintiff's first argument that SSR 96-2p is controlling lacks merit, because the record does not demonstrate that Dr. Sadasivan was Plaintiff's "treating" physician. SSR 96-2p provides that a treating physician's opinion must be given controlling weight if it is well-supported by the record and not inconsistent with other evidence in the case record. SSR 96-2p, 1996 WL 374188, at *1 (July 2, 1996). A treating physician has an "ongoing treatment relationship" with a patient, meaning

---

[1] A GAF Scale of 70 to 61 indicates some mild symptoms; a scale of 51-60 indicates moderate symptoms; a scale of 41-50 indicates serious symptoms; a scale of 31-40 indicates some impairment in reality testing or communication or a major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood. *Chafin v. Comm'r of Soc. Security*, 2005 U.S. Dist. LEXIS 9103, at *11 n.2 (E.D. Mich. Feb. 10, 2005).

2

that the physician has seen the patient at least "a few times." 20 CRF 404.1502. A physician seen "solely . . . to obtain a report in support of . . . [a] claim for disability" is not a treating physician. *Id.* Here, there is no evidence in the record which shows that Plaintiff saw Dr. Sadasivan more than once. (R. at 153-55.) Plaintiff alleges that the record "is replete with mentions of additional visits between Plaintiff and Dr. Sadasivan." (Objection at 2.) However, Plaintiff does not support this assertion with any citations to the record; that is, she does not provide any treatment dates with Dr. Sadasivan before January 24, 2005, or after January 24, 2005, to support her contention that Dr. Sadasivan was her treating physician.

Plaintiff also alleges that page 12 of the R&R "makes note of additional visits between Plaintiff and Dr. Sadasivan." (*Id.*) But page 12 of the R&R makes no such notation; rather, it states that "there is no indication in the record that Dr. Sadasivan treated Plaintiff more than once." (R&R at 12.) The R&R does acknowledge that Plaintiff had previously sought treatment at the North Central Health Clinic ("NCHC"), the same facility where she sought treatment from Dr. Sadasivan on January 24, 2005. (*Id.* (citing R. at 125).) However, her visit or visits to the NCHC prior to January 24, 2005 involved treatment for arthritis only, and not treatment related to her mental condition. (R. at 125.) But even if Plaintiff had visited the NCHC prior to January 24, 2005 for mental health treatment, there is no evidence in the record which suggests that Plaintiff received such mental health treatment from Dr. Sadasivan. Neither the medical report of Dr. Sadasivan, (*see* R. at 153-55,) nor the record contain indications that Dr. Sadasivan had treated Plaintiff more than once.

The record also suggests that Plaintiff sought treatment from Dr. Sadasivan "solely . . . to obtain a report in support of . . . [her] claim for disability." 20 CRF 404.1502. Plaintiff saw Dr. Sadasivan after filing her disability applications. She filed the applications on April 20, 2004. She was treated by Dr. Sadasivan on January 24, 2005. Accordingly, the Court concludes that Dr.

3

Sadasivan was not Plaintiff's treating physician and that his opinion was not entitled to controlling weight.

Plaintiff's second argument – that the ALJ failed to mention and consider Dr. Sadasivan's reported GAF score of 35-40 – also lacks merit. At the outset, the Court notes that while a GAF score may be of considerable help to the ALJ in assessing a claimant's mental capabilities, "it is not essential" and need not be referenced by the ALJ. *Howard v. Comm'r of Soc. Security*, 276 F.3d 235, 241 (6th Cir. 2002); *see also Ackermann-Papp v. Comm'r of Soc. Security*, 2008 WL 314682, at *2-3 (W.D. Mich. Feb. 4, 2008). Rather, in assessing a claimant's mental capabilities, the ALJ must consider: activities of daily living; social functioning; concentration, persistence and pace; and episodes of decompensation. 20 CFR § 404.1520a(c)(4). Here, the ALJ properly weighed each of the Section 404.1520a(c)(4) factors before making a determination regarding Plaintiff's mental capabilities. (R. 21-22.)

In any event, the record demonstrates that the ALJ considered Dr. Sadasivan's medical opinion, even though Dr. Sadasivan's diagnosed GAF score for Plaintiff was never explicitly mentioned by the ALJ. (R. at 20-21.) The record also demonstrates that the ALJ considered two additional psychiatric opinions, each of which reported significantly higher GAF scores for Plaintiff. (*Id.*) On June 25, 2004, Dr. B. Baddigam reported a GAF score of 65 for Plaintiff. On August 12, 2004, Dr. James Tripp reported a GAF score of 65 for Plaintiff and noted that Plaintiff was "able to . . . work." (R. at100.) Plaintiff also offered testimony to the ALJ that she got along well with others, attended church weekly, took public transportation, and cared for her dog. (R. 21.) Based upon this evidence in the record, even if Dr. Sadasivan were Plaintiff's treating physician, the ALJ was not obliged to accept Dr. Sadasivan's opinion, as it was inconsistent with other substantial

4

evidence in the record. SSR 96-2p, 1996 WL 374188, at *4. Accordingly, the ALJ did not err in discounting the weight of Dr. Sadasivan's opinion.

The Court has had an opportunity to fully review this matter *de novo* pursuant to 28 U.S.C. § 636 and finds that the Magistrate Judge reached the correct conclusions. Additionally, the Court finds that Plaintiff's objections to the R&R are without merit. Accordingly, the decision of the ALJ must be affirmed.

### III. CONCLUSIONS

Accordingly,

IT IS ORDERED that Magistrate Judge Mona K. Majzoub's Report and Recommendation [Dkt. #18, filed January 31, 2008] is ACCEPTED and ADOPTED as this Court's findings and conclusions of law.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment [Dkt. #13, filed September 27, 2007] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment [Dkt. #10, filed July 30, 2007] is DENIED.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: February 29, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 29, 2008, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager